# EXHIBIT A

FILED
Gary Harrison
CLERK, SUPERIOR COURT
11/19/2019 9:47:42 AM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20195802
HON. LESLIE MILLER

1

MESCH CLARK ROTHSCHILD

2

259 North Meyer Avenue

Tucson, Arizona 85701

3

Phone:  (520) 624-8886

Fax:      (520) 798-1037

4

Email: tcope@mcrazlaw.com

5

Email: ggarcia@mcrazlaw.com

6

By:     Thom K. Cope #025178

7

        Guadalupe Garcia #035602

        19045-1/gmg

8

9

Attorneys for Plaintiff

10

**ARIZONA SUPERIOR COURT**

11

**PIMA COUNTY**

12

13

LORRAINE CALSYN, in her individual

capacity,

14

15

                    Plaintiff,

16

vs.

17

DICKEY & ASSOCIATE, PLLC,

18

CARTER DICKEY and MARVEEN H.

DICKEY, husband and wife,

19

20

                    Defendants.

No.

**VERIFIED COMPLAINT**
**(Violations of the Arizona Wage Act**
**and the Fair Labor Standards Act)**

(Assigned to Hon.            )

21

22

Plaintiff, Lorraine Calsyn, files this Complaint against Defendants, Dickey &

Associate, PLLC, Carter Dickey and Marveen H. Dickey, and states as follows:

23

24

**JURISDICTION**

25

1.      Plaintiff is a resident of Pima County, Arizona.

26

1     2.     Defendant, Carter Dickey, is an individual residing in Pima County, Arizona.

2     3.     Defendant, Carter Dickey, was, at all relevant times, married to Marveen H.

3     Dickey, and at all relevant times acted in furtherance of his marital community.

4     4.     Defendant, Dickey & Associate, PLLC, ("Dickey & Associate") is a business

5     entity organized under the laws of the State of Arizona, with a principal place of business at

6     7440 N. Oracle Road, Casita #6 Tucson, Arizona 85704.

7     5.     This is a Tier 2 case which exceeds the compulsory arbitration limits of Pima

8     County Superior Court and is therefore not subject to compulsory arbitration.

9     6.     This Court has personal and subject matter jurisdiction, and venue is proper.

10

11                         **GENERAL ALLEGATIONS**

12    7.     In 1997, Plaintiff was hired by Defendant, Carter Dickey, and John Lebbs,

13    who were operating an accounting firm.

14    8.     Plaintiff was hired as a bookkeeper to handle general bookkeeping matters for

15    clients of the accounting firm.

16    9.     When Plaintiff was hired, she was given only two weeks of training for her

17    duties as a bookkeeper.

18    10.    On information and belief, in 1999, Defendant, Carter Dickey, and John Lebbs

19    formed Dickey & Lebbs, PC, to operate the accounting firm as a professional corporation.

20    11.    At that time, Plaintiff became an employee of Dickey & Lebbs, PC.

21    12.    On information and belief, Defendant, Carter Dickey, was a shareholder and

22    president of Dickey & Lebbs, PC.

23    13.    On information and belief, Defendant, Carter Dickey, participated in the day-

24    to-day operations of Dickey & Lebbs, PC, and participated in management of the business

25    and in significant business decisions, including but not limited to, the decisions of what

26    salary employees would receive and the number of hours the employees worked.

2

14.     On information and belief, in 2009, Dickey & Lebbs CPA's, PLLC was formed to take over the operations of Dickey & Lebbs, PC and operate the accounting firm as a professional limited liability company.

15.     At that time, Plaintiff became an employee of Dickey & Lebbs, CPA's, PLLC.

16.     On information and belief, Defendant, Carter Dickey, was a member of Dickey & Lebbs CPA's, PLLC.

17.     On information and belief, Defendant, Carter Dickey, participated in the day-to-day operations of Dickey & Lebbs CPA's PLLC, and participated in management of the business and in significant business decisions, including but not limited to, the decisions of what salary employees would receive and the number of hours the employees worked.

18.     On information and belief, in 2014, Defendant, Carter Dickey, formed Dickey & Associate to take over the operations of Dickey & Lebbs CPA's, PLLC and operate the accounting firm.

19.     At that time, Plaintiff became an employee of Dickey & Associate.

20.     On information and belief, Defendant, Carter Dickey, is a member, manager, and statutory agent of Dickey & Associate.

21.     On information and belief, Defendant, Carter Dickey, participated in the day-to-day operations of Dickey & Associate and managed and made all business decisions, including but not limited to, the decisions of what salary employees would receive and the number of hours the employees worked.

22.     Plaintiff was employed by Dickey & Associate until on or about December 1, 2018 when Defendant, Carter Dickey, sold the accounting firm to Edgar Cordova.

23.     From the time that Plaintiff was originally hired by Defendant, Carter Dickey, and John Lebbs, through the end of her employment with Dickey & Associate, Plaintiff worked only as a bookkeeper and her duties never materially changed.

24.     Plaintiff has no degrees or higher education.

25.     From the time that Plaintiff was originally hired by Defendant, Carter Dickey, and John Lebbs, through the end of her employment with Dickey & Associate, Plaintiff never had the power to hire, fire, or discipline employees, nor did Plaintiff ever have a supervisory role over two or more other employees.

26.     From the time that Plaintiff was originally hired by Defendant, Carter Dickey, and John Lebbs, through the end of her employment with Dickey & Associate, Plaintiff was never a manager or supervisor.

27.     From the time that Plaintiff was originally hired by Defendant, Carter Dickey, and John Lebbs, through the end of her employment with Dickey & Associate, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance to the accounting firm.

28.     From the time that Plaintiff was originally hired by Defendant, Carter Dickey, and John Lebbs, through the end of her employment with Dickey & Associate, Plaintiff's primary duties as a bookkeeper did not include the management of the accounting firm or any recognized department of the accounting firm.

29.     Plaintiff regularly worked more than 40 hours per week from the time that Plaintiff was originally hired by Defendant, Carter Dickey, and John Lebbs, through the end of her employment with Dickey & Associate.  Throughout her employment, Plaintiff worked approximately 60 to 80 hours per week.

30.     Plaintiff was initially classified as an hourly employee. However, prior to the year 2009, Defendant, Carter Dickey, and John Lebbs switched Plaintiff to a salary basis in an attempt to avoid paying overtime.

31.     None of Plaintiff's duties changed after switching to a salary basis.

32.     After classifying Plaintiff as a salaried employee, Defendant, Carter Dickey, and John Lebbs informed Plaintiff she would no longer receive overtime pay.

33.    From the time that Plaintiff was classified as a salaried employee, through the end of her employment with Dickey & Associate, Plaintiff was never paid overtime.

34.    From the time that Plaintiff was classified as a salaried employee, through the end of her employment with Dickey & Associate, Plaintiff received a salary of $50,000 a year.

35.    Plaintiff's hourly rate was $24.03, and her overtime rate was $36.05.

36.    On or about the year 2012, Defendant Carter Dickey also paid Plaintiff an additional $1,200 a month.  As such, Plaintiff's modified total yearly salary was $64,400 her hourly rate was $30.96, and her overtime rate was $46.46.

## COUNT ONE

### Violation of Arizona's Wage Act

37.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

38.    Defendant, Dickey & Associate, was an "employer" pursuant to the Arizona Wage Act, A.R.S. § 23-350(3) and is jointly and severally liable.

39.    At all relevant times, Defendant, Carter Dickey, was an "employer" pursuant to the Arizona Wage Act, A.R.S. § 23-350(3) and is jointly and severally liable.

40.    At all relevant times, Plaintiff was an "employee" performing services under the Arizona Wage Act, A.R.S. § 23-350(2).

41.    The Arizona Wage Act, A.R.S. § 23-350, *et seq.*, mandates that employers pay employees their wages on a timely basis.

42.    The Arizona Wage Act prohibits the withholding of wages without authorization from the employee.

43.    Plaintiff, a non-exempt employee, regularly worked in excess of 40 hours per week for which wages for overtime compensation were not paid in violation of the Arizona

1 | Wage Act. The amount due from Defendants to Plaintiff for those unpaid overtime wages
2 | qualify as wages under the Arizona Wage Act, A.R.S. § 23-350(7).

3 |      44.    Defendants have intentionally failed and/or refused to pay Plaintiff wages for
4 | overtime compensation.

5 |      45.    Plaintiff is entitled to treble damages under A.R.S. § 23-355 in an amount to
6 | be determined at trial.

7 |      46.    Plaintiff is entitled to an award of her attorneys' fees and costs incurred in this
8 | action.

9 | **COUNT TWO**

10 | **Violation of Fair Labor Standards Act**

11 |      47.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

12 |      48.    Pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§
13 | 201 *et seq.*, Plaintiff is entitled to recover from the Defendants unpaid wages for overtime
14 | compensation.

15 |      49.    Defendant, Dickey & Associate, was an "employer" pursuant to 29 U.S.C. §
16 | 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2.

17 |      50.    At all relevant times, Defendant, Carter Dickey, was an "employer" pursuant
18 | to 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2.

19 |      51.    At all relevant times, the accounting firm was an "enterprise engaged in
20 | commerce" within the meaning of the FLSA, 29 U.S.C. § 207(A).

21 |      52.    Plaintiff was an "employee" of Defendants, Dickey & Associate and Carter
22 | Dickey, pursuant to 29 U.S.C. § 203(e)(1) and regulations promulgated thereunder.

23 |      53.    At all relevant times, Defendant, Carter Dickey, exercised control over the
24 | nature and structure of Plaintiff's employment and controlled significant aspects of the
25 | accounting firm's day-to-day functions, including decisions involving pay and personnel
26 | issues.

1    54.    As an employer, Defendant, Carter Dickey, is personally liable to Plaintiff.

2    55.    As a non-exempt employee, Plaintiff was entitled to be paid at the rate of time

3    and one-half for all hours worked in excess of 40 hours per week, in accordance with § 207

4    of the FLSA.

5    56.    While employed with Defendants, Plaintiff regularly worked in excess of 40

6    hours per week.

7    57.    Plaintiff does not fall under the Administrative, Managerial, or Professional

8    exceptions to the overtime requirement of the FLSA.  Based on her job duties and

9    responsibilities, her work entitled her to overtime pay for all hours worked in excess of 40

10   hours per week.

11   58.    Defendants did not make a good faith attempt to comply with the FLSA.

12   59.    At all relevant times, Plaintiff was never paid overtime compensation.

13   60.    Defendants knowingly and willfully disregarded the provisions of the FLSA,

14   as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time

15   and one-half for all hours worked in excess of 40 hours per week, when they knew or should

16   have known such was due and that nonpayment of overtime wages would financially injure

17   Plaintiff.

18   61.    At all relevant times, Defendants knowingly and willfully operated the

19   accounting firm with a policy of not paying overtime compensation (at a rate of time and

20   one-half), in direct violation of the FLSA and the supporting federal regulations.

21   62.    As a direct and proximate result of Defendants' intentional and willful

22   disregard of the FLSA, Defendants are liable to Plaintiff for an amount to be determined at

23   trial, equal to one and one-half times her regular rate of pay for each hour of overtime

24   worked per week plus an additional equal amount as liquidated damages and prejudgment

25   interest, pursuant to 29 U.S.C. § 216(b).

26

63.     Plaintiff is entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants for the following relief:

A.     A declaratory judgment that the practices complained of are unlawful under the FLSA;

B.     An award of unpaid overtime wages due under the FLSA;

C.     An award of triple the amount of unpaid wages for overtime compensation due under the Arizona Wage Act;

D.     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to the FLSA;

E.     An award of Plaintiff reasonable attorneys' fees, costs, and expenses;

F.     An award of pre-judgment interest at the highest legal rate on all amounts set forth in this Complaint from the date such obligations were incurred;

G.     An award of post-judgment interest on all awards from the date of such award until paid in full; and

H.     Such other relief as the Court deems proper.

DATED:   November 19, 2019

MESCH CLARK ROTHSCHILD


By:___/s/ Thom K. Cope_____
        Thom K. Cope
        Guadalupe Garcia
        Attorneys for Plaintiff

1

**VERIFICATION**

2   Pursuant to Rule 26.1(d), Plaintiff, Lorraine (Lori) Calsyn, does hereby verify under

3   penalty of perjury that the information in the foregoing Verified Complaint (Violations of

4   the Arizona Wage Act and the Fair Labor Standards Act) is true and correct to the best of

5   his knowledge, information and belief.

6   Dated: *11-18-19*                    By *Lorraine Calsyn*

7                                            Lorraine (Lori) Calsyn

8   2605369.DOCX

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Person/Attorney Filing: Thom K Cope
Mailing Address: 259 N. Meyer Avenue
City, State, Zip Code: Tucson, AZ 85701
Phone Number: (520) 624-8886
E-Mail Address: tcope@mcrazlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025178, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

LORRAINE CALSYN
Plaintiff(s),
v.
DICKEY & ASSOCIATE, PLLC, et al.
Defendant(s).

Case No.  C20195802

**SUMMONS**

HON. LESLIE MILLER

To: MARVEEN H. DICKEY

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
    Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 11/19/2019

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
_____
Deputy Clerk

Person/Attorney Filing: Thom K Cope
Mailing Address: 259 N. Meyer Avenue
City, State, Zip Code: Tucson, AZ 85701
Phone Number: (520) 624-8886
E-Mail Address: tcope@mcrazlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025178, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

LORRAINE CALSYN
Plaintiff(s),
v.
DICKEY & ASSOCIATE, PLLC, et al.
Defendant(s).

Case No. C20195802

**SUMMONS**

HON. LESLIE MILLER

To: DICKEY & ASSOCIATE, PLLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 11/19/2019

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
          Deputy Clerk

AZturboCourt.gov Form Set #3946269

2

Person/Attorney Filing: Thom K Cope
Mailing Address: 259 N. Meyer Avenue
City, State, Zip Code: Tucson, AZ 85701
Phone Number: (520) 624-8886
E-Mail Address: tcope@mcrazlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025178, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

LORRAINE CALSYN
Plaintiff(s),
v.
DICKEY & ASSOCIATE, PLLC, et al.
Defendant(s).

Case No.  C20195802

**SUMMONS**

HON. LESLIE MILLER

To: CARTER DICKEY

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
   Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set #5946969

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 11/19/2019

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
                 Deputy Clerk

AZturboCourt.gov Form Set #3946269

PERSON/ATTORNEY FILING: Thom K Cope
MAILING ADDRESS: 259 N. Meyer Avenue
CITY, STATE, ZIP CODE: Tucson, AZ 85701
PHONE NUMBER: (520) 624-8886
E-MAIL ADDRESS: tcope@mcrazlaw.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 025178, Issuing State: AZ

FILED
Gary Harrison
CLERK, SUPERIOR COURT
11/19/2019 9:47:42 AM
BY: ALAN WALKER /S/
DEPUTY
Case No. C20195802
HON. LESLIE MILLER

## ARIZONA SUPERIOR COURT, PIMA COUNTY

LORRAINE CALSYN
Plaintiff(s),

V.

DICKEY & ASSOCIATE, PLLC, et al.
Defendant(s).

**CASE NO**: _____

**RULE 102(a) FASTAR CERTIFICATE**

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101(b) and certifies that this case:

## (NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)

☐ **DOES** meet the eligibility criteria established by Rule 101(b); or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101(b).

Dated: _____

Thom K Cope /s/ _____
SIGNATURE

FILED
Gary Harrison
CLERK, SUPERIOR COURT

11/19/2019 9:47:42 AM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20195802
HON. LESLIE MILLER

**In the Superior Court of the State of Arizona**
**In and For the County of** Pima

Case Number _____

## CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney Thom K Cope

Attorney Bar Number 025178, AZ

Plaintiff's Name(s): (List all)
LORRAINE CALSYN

_____

_____

Plaintiff's Address:
Telephone Number: (520) 624-8886

_____

_____

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All) DICKEY & ASSOCIATE, PLLC, CARTER DICKEY, MARVEEN
H. DICKEY

(List additional defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION
(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
- [ ] Non-Death/Personal Injury
- [ ] Property Damage
- [ ] Wrongful Death

**TORT NON-MOTOR VEHICLE:**
- [ ] Negligence
- [ ] Product Liability – Asbestos
- [ ] Product Liability – Tobacco
- [ ] Product Liability – Toxic/Other
- [ ] Intentional Tort
- [ ] Property Damage
- [ ] Legal Malpractice
- [ ] Malpractice – Other professional
- [ ] Premises Liability
- [ ] Slander/Libel/Defamation
- [ ] Other (Specify) _____

**MEDICAL MALPRACTICE:**
- [ ] Physician M.D.     [ ] Hospital
- [ ] Physician D.O      [ ] Other

**CONTRACTS:**
- [ ] Account (Open or Stated)
- [ ] Promissory Note
- [ ] Foreclosure
- [ ] Buyer-Plaintiff
- [ ] Fraud
- [ ] Other Contract (i.e. Breach of Contract)
- [ ] Excess Proceeds-Sale
- [ ] Construction Defects (Residential/Commercial)
  - [ ] Six to Nineteen Structures
  - [ ] Twenty or More Structures

**OTHER CIVIL CASE TYPES:**
- [ ] Eminent Domain/Condemnation
- [ ] Eviction Actions (Forcible and Special Detainers)
- [ ] Change of Name
- [ ] Transcript of Judgment
- [ ] Foreign Judgment
- [ ] Quiet Title

AZTurboCourt.gov Form Set #3946269

☐ Forfeiture
☐ Election Challenge
☐ NCC- Employer Sanction Action (A.R.S. §23-212)
☐ Injunction against Workplace Harassment
☐ Injunction against Harassment
☐ Civil Penalty
☐ Water Rights (Not General Stream Adjudication)
☐ Real Property
☐ Special Action against Lower Courts
    (See lower court appeal cover sheet in Maricopa)
☐ Immigration Enforcement Challenge (A.R.S. §§1-501, 1-502, 11-1051)

**UNCLASSIFIED CIVIL:**
☐ Administrative Review
    (See lower court appeal cover sheet in Maricopa)
☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐ Declaratory Judgment
☐ Habeas Corpus

☐ Landlord Tenant Dispute- Other
☐ Declaration of Factual Innocence (A.R.S. §12-771)
☐ Declaration of Factual Improper Party Status
☐ Vulnerable Adult (A.R.S. §46-451)
☐ Tribal Judgment
☐ Structured Settlement (A.R.S. §12-2901)
☐ Attorney Conservatorships (State Bar)
☐ Unauthorized Practice of Law (State Bar)
☐ Out-of-State Deposition for Foreign Jurisdiction
☐ Secure Attendance of Prisoner
☐ Assurance of Discontinuance
☐ In-State Deposition for Foreign Jurisdiction
☐ Eminent Domain– Light Rail Only
☐ Interpleader– Automobile Only
☐ Delayed Birth Certificate (A.R.S. §36-333.03)
☐ Employment Dispute- Discrimination
☒ Employment Dispute-Other
☐ Verified Rule 45.2 Petition
☐ Other (Specify) _____

## RULE 26.2 DISCOVERY TIER OR AMOUNT PLEADED:

(State the amount in controversy pleaded or place an **"X"** next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $_____        ☐ Tier 1    ☒ Tier 2    ☐ Tier 3

## EMERGENCY ORDER SOUGHT:

☐ Temporary Restraining Order    ☐ Provisional Remedy          ☐ OSC        ☐ Election Challenge
☐ Employer Sanction              ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the commercial court under Rule 8.1, and plaintiff requests assignment of this case to the commercial court. More information on the commercial court, including the most recent forms, are available on the court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

AZturboCourt.gov Form Set #3946269

Attachment Page  1   (of  1   )

To Civil Cover Sheet

**ATTORNEY INFORMATION:**
ATTORNEY FILING - PRIMARY ATTORNEY:
Thom K Cope
Bar Number: 025178, Issuing State: AZ
Law Firm: Mesch Clark Rothschild
Address: 259 N. Meyer Avenue

Tucson, AZ 85701
Telephone Number: (520) 624-8886
Email: tcope@mcrazlaw.com

ATTORNEY #2
Guadalupe Garcia
Bar Number: 035602, Issuing State: AZ
Law Firm: Mesch Clark Rothschild
Address: 259 N. Meyer Avenue
Tucson, AZ 85701
Telephone Number: (520)624-8886


**ATTACHED DOCUMENTS LIST:**
Summons - Defendant #1
Summons - Defendant #2
Summons - Defendant #3
Complaint

AZturboCourt.gov Form Set #3946269

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone:   (520) 624-8886
Fax:     (520) 798-1037
Email: tcope@mcrazlaw.com
Email:  ggarcia@mcrazlaw.com
By:     Thom K. Cope #025178
        Guadalupe Garcia #035602
        19045-1/gmg

Attorneys for Plaintiff

## ARIZONA SUPERIOR COURT

## PIMA COUNTY

| | |
|---|---|
| LORRAINE CALSYN, in her individual capacity, | No.   C20195802 |
| Plaintiff, | **PLAINTIFF'S DEMAND FOR JURY TRIAL** |
| vs. | (Assigned to Hon. Leslie Miller) |
| DICKEY & ASSOCIATE, PLLC, CARTER DICKEY and MARVEEN H. DICKEY, husband and wife, | |
| Defendants. | |

Plaintiffs hereby demand a jury trial in this matter.

DATED:   November 19, 2019

MESCH CLARK ROTHSCHILD

By:   /s/ Thom K. Cope
      Thom K. Cope
      Guadalupe Garcia
      Attorneys for Plaintiff

26Q3332.DOCX

1   MESCH CLARK ROTHSCHILD
2   259 North Meyer Avenue
    Tucson, Arizona 85701
3   Phone:   (520) 624-8886
    Fax:   (520) 798-1037
4   Email: tcope@mcrazlaw.com
5   Email: ggarcia@mcrazlaw.com

6   By:   Thom K. Cope #025178
7         Guadalupe Garcia #035602
          19045-1/spb
8         Attorneys for Plaintiff

9                      **ARIZONA SUPERIOR COURT**

10                          **PIMA COUNTY**

11

12   LORRAINE CALSYN, in her individual                No.   C20195802
     capacity,
13
                        Plaintiff,
14                                                  **ACCEPTANCE OF SERVICE**
     vs.                                         **ON BEHALF OF ALL DEFENDANTS**
15
     DICKEY & ASSOCIATE, PLLC,
16   CARTER DICKEY and MARVEEN H.                   (Assigned to Hon. Leslie Miller)
     DICKEY, husband and wife,
17
18                      Defendants.

19

20         Jeanna Chandler Nash, attorney for Defendants DICKEY & ASSOCIATES, PLLC.,

21   CARTER DICKEY, and MARVEEN H. DICKEY, in lieu of formal service by an

22   authorized process server, hereby accepts service of the following documents for the said

23   Defendants:

24         1.   Three copies of the ***Verified Complaint (Violations of the Arizona Wage Act***

25   ***and the Fair Labor Standards Act)***;

26         2.   Three copies of the ***Rule 102(a) Fastar Certificate***;

1      3.     Three **Summonses**, addressed individually to (a) Dickey & Associates, PLLC;

2  (b) Carter Dickey; and (c) Marveen H. Dickey.

3      4.     A copy of the **Civil Cover Sheet** designating this as a Tier 2 case.

4  Service of said documents are accepted this ___ day of _____,

5  2019.

6                  UDALL LAW FIRM, LLP

7

8

9                  Jeanna Chandler Nash

10

11

12  26Q5368

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                          2