**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorraine Calsyn, | No. CV-19-00578-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Dickey & Associate PLLC, et al., | |
| Defendants. | |

    Plaintiff, through counsel, filed this action in state court alleging Defendants violated the Arizona Wage Act, A.R.S. § 23-350, *et seq.*, and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.*, by failing to pay Plaintiff overtime wages. (Doc. 1-3, pp. 2-10.) Defendants removed the action to this Court. (Doc. 1.) Subsequently, the parties attended a settlement conference before U.S. Magistrate Judge Eric Markovich and reached a confidential settlement of Plaintiff's FLSA claim. (*See* Doc. 49.)

    On September 25, 2020, the parties filed a Joint Motion for *in Camera* Review and Approval of Settlement of Fair Labor Standards Act Claim (Doc. 49) and Stipulation to Dismiss with Prejudice (Doc. 50). After a telephonic hearing, the parties filed the pending Proposed Stipulated Order Approving the Parties' Settlement Agreement (Stipulated Order). (Doc. 53.) The Proposed Stipulated Order sets forth the essential terms of the parties' settlement agreement and the parties stipulate to the form and content of the proposed Order. (Doc. 53.)

**Discussion**

A district court may approve the settlement of FLSA claims if the settlement reflects a fair and reasonable compromise over a bona fide dispute.[1] The Court finds that the parties' proposed stipulated order in this action proposes a fair and reasonable compromise of their bona fide dispute. First, the parties genuinely disputed whether Defendants failed to pay overtime wages under the FLSA. (Doc. 49, p. 2; *see also* Doc. 20, pp. 2-5.) Defendants contested liability arguing that Plaintiff was an exempt employee because she performed managerial tasks and supervised other employees. (Doc. 49, p. 2; *see also* Doc. 20, pp. 2-5.) Plaintiff disputed that she was ever a manager, that she ever supervised any employees and that she ever had any supervisory authority. (Doc. 49, p. 2; *see also* Doc. 20, pp. 2-5.) The parties anticipated conflicting testimony whether or not Plaintiff was a manager/supervisor and the scope of her duties. (Doc. 49, p. 3.)

Second, the record reflects that Plaintiff was aware of her rights under the FLSA and was represented by counsel throughout the litigation. The resolution was reached after completion of discovery, including the depositions of two key witnesses. (Doc. 49, p. 4.) There is no evidence that the settlement is the product of collusion between the parties or overreaching or fraud by Defendants. Because the Court concludes that the settlement is a fair and reasonable resolution of the parties' dispute, the Court will approve the settlement as set forth in the Proposed Stipulated Order.

IT IS THEREFORE ORDERED:

1. The Court approves the parties' settlement of Plaintiff's Fair Labor Standards Act claim. (Doc. 53.)

---

[1] There is some disagreement as to whether Court approval of FLSA agreements is required when all parties are represented by counsel. *See Martin v. Spring Break '83 Prods.*, 688 F.3d 247, 256-57 (5th Cir. 2012). In an abundance of caution, this Court will review the essential terms of the parties' agreement for fairness. *See Seminiano v. XYRIS Ents.*, 602 Fed. App'x 682, 683 (9th Cir. 2015) ("FLSA claims may not be settled without approval of either the Secretary of Labor or a district court.") (citing *Nall v. Mal-Motels, Inc.* 723 F.3d 1304, 1306 (11th Cir. 2013)); *Smith v. Tri-City Transmission Serv.*, No. CV 12-01254-PHX-FJM, 2012 WL 12953674, *1 (D. Ariz. Aug. 23, 2012) (questioning continued vitality of requirement of court approval for settlement of FLSA claims where the parties are represented by counsel, but reviewing a settlement agreement to determine if it reflected a fair and reasonable compromise of a bona fide FLSA dispute).

2. The parties' Joint Motion for *in Camera* Review and Approval of Settlement of Fair Labor Standards Act Claim (Doc. 49) is DENIED as moot.

3. The parties' Stipulation for Dismissal (Doc. 50) is GRANTED.  This matter is DISMISSED WITH PREJUDICE, each party to bear their own attorney fees and costs.

The Clerk of Court is directed to close the file in this matter.

Dated this 15th day of December, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge